PROB 12C
(6/16)

Report Date:  June 4, 2019

# United States District Court

### for the

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 05, 2019

SEAN F. McAVOY, CLERK

### Eastern District of Washington

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Artie Frank Bramley                    Case Number: 0980 2:17CR00065-RMP-1

Address of Offender:                               Spokane, Washington 99207

Name of Sentencing Judicial Officer:  The Honorable Rosanna Malouf Peterson, U.S. District Judge

Date of Original Sentence: December 12, 2018

| | |
|---|---|
| Original Offense: | Possession with Intent to Distribute 50 Grams of Actual (Pure) Methamphetamine, 21 U.S.C. § 841(a)(1) |

| | | |
|---|---|---|
| Original Sentence: | Prison - 195 days<br>TSR - 96 months | Type of Supervision: Supervised Release |
| Asst. U.S. Attorney: | Caitlin A. Baunsgard | Date Supervision Commenced: December 17, 2018 |
| Defense Attorney: | John Barto McEntire, IV | Date Supervision Expires: December 16, 2026 |

---

## PETITIONING THE COURT

To issue a summons.

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Special Condition #1**: You must complete a mental health evaluation and follow any treatment recommendations of the evaluating professional which do not require forced or psychotropic medication and/or inpatient confinement, absent further order of the court. You must allow reciprocal release of information between the supervising officer and treatment provider. You must contribute to the cost of treatment according to your ability to pay. |

**Supporting Evidence**: Artie Bramley violated the terms of his supervised release by failing to participate in mental health services in April 2019.

On December 17, 2018, supervision commenced in this matter.  On December 20, 2018, the undersigned officer met with Mr. Bramley at Sun Ray Court treatment facility to complete a supervision intake.  The conditions were read to Mr. Bramley and he signed a copy of his judgment indicating acknowledgment and understanding of the conditions imposed by the Court, to include special condition number 1, noted above.

On May 2, 2019, during a staffing session with Mr. Bramley's mental health provider, Robert Shepard, Mr. Shepard reported that Mr. Bramley was last seen for a counseling session on March 5, 2019.   Mr. Shepard advised that Mr. Bramley cancelled a session scheduled for April 4, 2019, and has not been heard from since.

Prob12C
**Re: Bramley, Artie Frank**
**June 4, 2019**
**Page 2**

2          <u>**Special Condition # 4**</u>: You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

<u>**Supporting Evidence**</u>: Artie Bramley violated the terms of his supervised release by failing to appear for a random urinalysis test at Riverside Recovery, on or about April 30, 2019.

On December 17, 2018, supervision commenced in this matter. On December 20, 2018, the undersigned officer met with Mr. Bramley at Sun Ray Court treatment facility to complete a supervision intake. The conditions were read to Mr. Bramley and he signed a copy of his judgment indicating acknowledgment and understanding of the conditions imposed by the Court, to include special condition number 4, noted above.

Mr. Bramley is engaged in substance abuse treatment and drug testing services at Riverside Recovery. When random drug testing is scheduled, the facility staff calls the client to advise them of the requirement to report for drug testing services that same day.

On April 30, 2019, Riverside Recovery attempted to reach Mr. Bramley on his reported cellular phone, but were unsuccessful. As a result, Mr. Bramley missed urinalysis testing on April 30, 2019.

3          <u>**Special Condition # 4**</u>: You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

<u>**Supporting Evidence**</u>: Artie Bramley violated the terms of his supervised release by consuming a controlled substance, Valium, on or about April 13, through on or about April 17, 2019.

On December 17, 2018, supervision commenced in this matter. On December 20, 2018, the undersigned officer met with Mr. Bramley at Sun Ray Court treatment facility to complete a supervision intake. The conditions were read to Mr. Bramley and he signed a copy of his judgment indicating acknowledgment and understanding of the conditions imposed by the Court, to include special condition number 4, noted above.

On April 18, and April 24, 2019, Mr. Bramley submitted to urinalysis testing at Riverside Recovery. The samples were sent to their lab for testing.

On April 30, 2019, Riverside Recovery called to report that the lab reports were received and confirmed a positive presence of Temazepam (Valium), for which Mr. Bramley does not have a prescription.

On May 7, 2019, Mr. Bramley reported. He advised that he had an old prescription for Valium from 2012, which was the year he switched to Clonazepam from Valium. Clonazepam and Valium are both Benzodiazepine medications. Mr. Bramley indicated his doctor had incorrectly prescribed his Clonazepam, causing him to run out before he could have it filled again. He advised he found an old prescription for Valium to cover the days he was without Clonazepam. Mr. Bramley later advised that the prescription was not written

Prob12C
**Re: Bramley, Artie Frank**
**June 4, 2019**
**Page 3**

incorrectly, but that his doctor did not advise him of the change so he continued to take the prescription as previously prescribed, causing him to run out of the prescription sooner than the prescription allows.

Mr. Bramley later admitted to his treatment provider at Riverside Recovery that the Valium belonged to someone else. When confronted by the undersigned, he denied ever saying it was his old prescription.

4          **Special Condition # 4**: You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

**Supporting Evidence**: Artie Bramley violated the terms of his supervised release by failing to appear for random urinalysis testing at Riverside Recovery, on or about May 30 and May 31, 2019, and June 3, 2019.

On December 17, 2018, supervision commenced in this matter. On December 20, 2018, the undersigned officer met with Mr. Bramley at Sun Ray Court treatment facility to complete a supervision intake. The conditions were read to Mr. Bramley and he signed a copy of his judgment indicating acknowledgment and understanding of the conditions imposed by the Court, to include, special condition number 4, noted above.

On June 3, 2019, Mr. Bramley's treatment counselor with Riverside Recovery called the undersigned to report that Mr. Bramley did not appear for random urinalysis testing on May 30 and May 31, 2019.

On June 4, 2019, Riverside Recovery reported that Mr. Bramley failed to appear for another random urinalysis test on June 3, 2019.

5          **Standard Condition #8:** You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

**Supporting Evidence**: Artie Bramley violated the terms on his supervised release by having contact with a felon without approval from the probation office on or about May 7, 2019.

On December 17, 2018, supervision commenced in this matter. On December 20, 2018, the undersigned officer met with Mr. Bramley at Sun Ray Court treatment facility to complete a supervision intake. The conditions were read to Mr. Bramley and he signed a copy of his judgment indicating acknowledgment and understanding of the conditions imposed by the Court, to include, standard condition number 8, noted above.

On April 8, 2019, Mr. Bramley reported to the U.S. Probation Office as directed. Mr. Bramley disclosed he started dating Jessica Landberg, and indicated she is on supervision with the Washington State Department of Corrections (WADOC), related to a recent fraud case.

**Prob12C**
**Re: Bramley, Artie Frank**
**June 4, 2019**
**Page 4**

A criminal records check revealed that Ms. Landberg has multiple felony convictions. The WADOC advised that she has a pending felony case in which Ms. Landberg is seeking an alternative sentence that would allow her to remain in the community with her children.

On May 1, 2019, a report on offender under supervision was filed alleging violations that included similar conduct noted in this alleged violation.

On May 7, 2019, Mr. Bramley reported and admitted to continued contact with Ms. Landberg. He then advised the contact has since ceased due to her probation officer prohibiting the contact.

The U.S. Probation Office respectfully recommends the Court issue a summons requiring the offender to appear to answer to the allegation(s) contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

| Executed on: | June 4, 2019 |
| --- | --- |
| | s/Melissa Hanson |
| | Melissa Hanson
U.S. Probation Officer |

## THE COURT ORDERS

[ ]   No Action
[ ]   The Issuance of a Warrant
[X]   The Issuance of a Summons
[ ]   Other

Signature of Judicial Officer

6/4/2019

Date